THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR MARTINEZ MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>NATHALIE ASHER, *et al.*,<br><br>Respondents. | CASE NO. C14-0811-JCC-JPD<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge (Dkt. No. 11), Respondents' objections (Dkt. No. 12), and Petitioner's response to the government's objections (Dkt. No. 13). Having thoroughly considered the parties' briefing, the Report and Recommendation, and the relevant record, the Court hereby ADOPTS and MODIFIES the Report and Recommendation (Dkt. No 11) for the reasons explained below.

I.   BACKGROUND

Petitioner is a native and citizen of Mexico who has been detained by U.S. Immigration and Customs Enforcement ("ICE") since October 24, 2013, under a reinstated order of removal. Petitioner has expressed fear of returning to Mexico, and an asylum officer has issued a positive reasonable fear determination. Dkt. 8-1 at ¶¶ 12-14. The asylum officer referred the matter to an

IJ for withholding of removal proceedings. *Id*. at ¶ 14. The withholding of removal proceedings is still pending. *See generally id*. Petitioner also has a pending U-visa application. Id. at ¶ 17. Petitioner's request for release on bond was denied by ICE, and an IJ found no jurisdiction to hold a bond hearing. *Id*. at ¶¶ 13, 19. Consequently, Petitioner filed the instant habeas petition, seeking release from detention or a bond hearing. *See generally* Dkt. 1.

In a report submitted on August 13, 2014, the Magistrate Judge recommended that the Court grant in part and deny in part petitioner's habeas petition. (Dkt. 11) ("R&R"). More specifically, the Judge found that petitioner's detention falls under 8 U.S.C. § 1231(a), that the detention was prolonged rather than indefinite, and, finally, that while petitioner is not entitled to an order of release, he is entitled to an individualized bond hearing before an Immigration Judge, as required by *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011) ("*Diouf II*").

On August 27, 2014, Respondents filed objections to the R&R arguing that Petitioner is not eligible for a bond hearing. (Dkt. No. 12.) Petitioner filed a response to the objections on September 10, 2014. (Dkt. No. 13.)

## II. DISCUSSION

### A. Petitioner's detention falls under § 1226(a) rather than § 1231(a).

The determination of whether an individual's detention is governed by 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a) "can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). The question of which statute authorizes Petitioner's detention turns on whether his reinstated order of removal is administratively final. An administratively final order is governed by § 1231(a), while an order

that is not administratively final is governed by § 1226(a). Here, the R&R found that the order at issue was administratively final at the time it was reinstated. In modifying the R&R, this Court finds instead that removal cannot be considered administratively final where there is a pending application for withholding of removal. Other district courts have come to the same conclusion. *See Pierre v. Sabol*, 1:11-CV-2184, 2012 WL 1658293, at *4 (M.D. Pa. May 11, 2012) (citing *Leslie v. Attorney General,* —— F.3d at ——, 2012 WL 898614 at *4 (3d Cir.2012) ("the purpose of § 1231 detention is to secure an alien pending the alien's certain removal"); *Uttecht v. Napolitano*, No. 8:12CV347, 2012 WL 5386618, at *1-*2 (D. Neb. Nov. 1, 2012); *Castillo v. ICE Field Office Director*, 907 F. Supp. 2d 1235, 1341 (W.D. Wash. 2012).

  The R&R notes that this issue has not yet been decided by the Ninth Circuit or other courts of appeals. Nevertheless, the Ninth Circuit has held that, for the purposes of judicial review, a "reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete." *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012). The R&R argues that, because this case involves the determination of whether a removal is *administratively* final, rather than final for purposes of judicial review, *Ortiz-Alfaro* is not determinative here. However, the language of *Ortiz-Alfaro* is not clearly limited to determinations of judicial review. *See id.* at 959 ("[a]s long as administrative proceedings are ongoing in Ortiz's case, his reinstated removal order is not final"); *Abdisalan v. Holder*, 728 F.3d 1122, 1129 (9th Cir. 2013) ("In *Ortiz-Alfaro* . . . [t]he IJ had not reviewed the reasonable fear determination, developed the record for that claim, or denied withholding of removal . . . no final order of removal existed, as substantive issues remained."). Here, as in *Ortiz-Alfaro*, the IJ has not yet reviewed the reasonable fear

ORDER
PAGE - 3

determination. Because substantive issues remain, there is no administratively final order. Consequently, Petitioner's detention is governed by § 1226(a).

### B. Petitioner is not entitled to an order of release.

No party has objected to the finding in the R&R that petitioner cannot demonstrate that his detention is indefinite, and that he is therefore not entitled to an order of release. The R&R correctly analyzes this issue under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

### C. Merits of the Objections

The Court must make a *de novo* determination of those portions of a magistrate judge's report or recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). Here, Respondents object to the Magistrate Judge's analysis and recommendation regarding petitioner's eligibility for a bond hearing. This objection is without merit.

As a preliminary matter, respondents note that petitioner did not request a bond hearing in his petition. (Dkt. 12 at 8.) However, he did request "any other and further relief which this Honorable Court deems just and proper." (Dkt. 1 at 6). A bond hearing falls within the parameters of this request.

In *Casas-Castrillon v. Dep't of Homeland Sec.*, the Ninth Circuit held that an alien detained under § 1226(a) must be provided a bond hearing "to contest the necessity of his detention." 535 F.3d 942, 951 (9th Cir. 2008). Because, as this Court now finds, petitioner's detention falls under §1226(a), he is entitled to a bond hearing under *Casas-Castrillon*. However, this would remain the case even if petitioner's detention were, in fact, governed by § 1231(a)(6), because the Ninth Circuit has extended the requirement for a bond hearing to aliens detained under that statute. *Diouf II*, 634 F.3d at 1092 ("We hold that an alien facing prolonged detention

under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."). Contrary to Respondents' objections, the R&R does *not* "extend" *Diouf II* to "aliens being detained under § 1231(a)(6) following the reinstatement of a prior order of removal." (Dkt. No. 12 at 6.) *Diouf II* does not distinguish between categories of aliens whose detention is governed by § 1231(a)(6), and instead applies to *every* alien facing prolonged detention under the statute.

## III.   CONCLUSION

Therefore, after careful consideration of the parties' briefing, the Report and Recommendation, and the relvant record, the Court does hereby find and ORDER:

(1) The Court ADOPTS the Report and Recommendation as MODIFIED by this order. (Dkt. No. 11.)

(2) The Court DENIES respondents' motion to dismiss. (Dkt 8.)

(3) The Court GRANTS in part and DENIES in part petitioner's habeas petition. (Dkt. 1.) Petitioner is not entitled to an order of release, but he is entitled to an individualized bond hearing before an Immigration Judge. Accordingly, the Court orders the Executive Office for Immigration Review to provide petitioner with such a bond hearing within 14 days of this Order.

(4) The Clerk shall send a copy of this Order to the parties and to Judge Donohue.

DATED this 16th day of September 2014.


1
2
3

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER
PAGE - 6